Priority  ✓
Send      ✓
Enter     ___
Closed    ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

CLERK, U.S. DISTRICT COURT
OCT 19 2001
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENSCI ORTHOBIOLOGICS;<br><br>Plaintiffs/<br>Counterclaim<br>defendant,<br><br>GENSCI REGENERATION SCIENCES,<br><br>Defendant.<br><br>v.<br><br>OSTEOTECH, Inc.,<br><br>Plaintiff/Counterclaim<br>plaintiff/Defendant. | CASE No. CV 99-10111 MRP<br><br>MEMORANDUM OF DECISION RE:<br>GenSci's "Ex Parte"<br>Application for an Order to<br>Preclude Late Evidence, or<br>In the Alternative, to<br>Continue the Trial |

On October 15, 2001, GenSci OrthoBiologics Inc. and GenSci Regeneration Sciences Inc. together (collectively "GenSci") filed a motion to exclude evidence of certain Osteotech experiments on alternative carrier formulations in connection with the infringement action involving Osteotech's Patents Nos. 5,290,558 ("the '558 patent") and 5,284,655 ("the '655 patent"). The motion was styled "ex parte," and expedited review was requested. The Court heard argument on October 18, 2001.

ENTERED
OCT 22 2001

812

At the October 1, 2001 hearing, GenSci withdrew its objection to the admission of certain sample compositions and associated documents (Exhibits 534-541, and 844-848).  <u>See</u> Memorandum of Decision: Motions in Limine; Osteotech's Motion for Summary Judgment GenSci's Motion to Declassify Documents.  The parties agreed that Osteotech could rely on these samples provided it produced a report identifying who would testify about the samples at trial and what the substance of that testimony would be.  The Court considered this agreement dispositive of the sample controversy.  It appears that it was not.  However, it is unclear which evidence is properly the subject of this "ex parte" motion, and which evidence is admissible pursuant to the parties' agreement.  The parties are ordered to confer with each other and resolve which samples and documents are subject to the October 1, 2001 agreement, and which are properly the subject of this motion for exclusion.

The matter will be revisited at the pretrial conference scheduled for October 25, 2001 after the parties specifically point out to the Court which samples and documents are admissible pursuant to the agreement, and which are properly subject to this "ex parte" motion. In anticipation of the hearing, the parties shall briefly list (not argue) these items of evidence and jointly submit the list to the Court by 4:00 p.m. on October 24, 2001.

IT IS SO ORDERED.

DATED: October 19, 2001

Honorable Mariana R. Pfaelzer
United States District Judge